**Pasquale Schiavone and Michael F. Schiavone, Trading as A. P. Schiavone & Son, Defendants in Error, v. Michael Deddo, Plaintiff in Error.**

**Gen. No. 19,095.**

1. MUNICIPAL COURT ACT—*statement of fact under Section 23.* A document appearing in the record is not such a statement of facts as the Municipal Court Act, § 23, contemplates where it is not a bill of exceptions nor a stenographic report of the proceedings at the trial but is a statement in detail of the evidence and contains a statement of the questions of law involved.

2. MUNICIPAL COURT ACT—*statement of facts may be stricken if it does not comply with Section 23.* The fact that a document in the record designated a statement of facts is not such a statement as the

Municipal Court Act, § 23, contemplates is sufficient ground for striking it.

3. Municipal Court Act—*errors not considered which are based on insufficient statement of facts under Section 23.* Where errors assigned are based entirely on a statement of facts which does not comply with the intent of the Municipal Court Act, § 23, such errors cannot be considered.

Error to the Municipal Court of Chicago; the Hon. Isidore H. Himes, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 1, 1913. Rehearing denied May 13, 1913.

Bernard P. Barasa, for plaintiff in error.

Perlman & Rosenberg, for defendants in error.

Mr. Justice F. A. Smith delivered the opinion of the court.

A motion is made on behalf of the defendants in error to strike from the transcript of the record herein the document therein contained designated "statement of facts," and to affirm the judgment.

The document certified to by one of the judges of the Municipal Court of the city of Chicago, designated as a "statement of the facts disclosed by the evidence in the cause," is not such a statement of facts as Section 23 of the Municipal Court Act contemplates. The statement is not a bill of exceptions, nor does it purport to be a stenographic report of the proceedings at the trial. It is a statement of the evidence offered at the trial and includes in detail the evidence in a narrative form, giving the direct examination and cross-examination of the witness and certain admissions made upon the trial. To the evidence thus stated is appended a statement of the questions of law involved in the case. The document appearing in the record does not comply with the intent of the statute in that, as above suggested, it is a statement of the evidence instead of being a statement of facts.

While other grounds are urged in the motion for

striking the statement from the record, the foregoing ground is sufficient, and we do not deem it necessary to pass upon the other grounds urged. The statement, so-called, will be stricken from the record.

An examination of the errors assigned on the record shows that they are based entirely upon the so-called statement of facts and no other grounds are presented. The errors assigned cannot, therefore, be considered and the judgment must be affirmed.

*Affirmed.*